# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| YASKITHA WILLIAMS, ET AL. | CIVIL ACTION |
|---|---|
| VERSES | |
| BATON ROUGE POLICE DEPARTMENT, ET AL. | No.: 17-00165-BAJ-EWD |

## RULING AND ORDER

Before the Court is the **Motion to Dismiss for Failure to State a Claim (Doc. 15)** filed by Defendant, then-Chief of Police Carl Dabadie, Jr., ("Chief Dabadie"), and the **Motion for a More Definite Statement (Doc. 14)**, filed by Defendant, misidentified as "Enterprise Rental Car" ("Enterprise"). For the reasons that follow, the motions are **GRANTED**.

### I. BACKGROUND

Pro se Plaintiffs Yaskitha Williams and Bonnie Baker filed this 42 U.S.C. § 1983 claim, alleging that their Fourth Amendment rights were violated. (Doc. 1 at p. 1; Doc. 1-1 at p. 2). Specifically, Plaintiffs claim that on February 18, 2017, they were wrongfully stopped, wrongfully detained, illegally handcuffed, falsely accused of theft, and wrongfully held against their free will by Baton Rouge police officers. (Doc. 1-1 at pp. 2–3).

### II. LEGAL STANDARD

Plaintiffs are bringing this action pro se; therefore, the court must liberally construe their pleadings. *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 103 (5th Cir. 1995). When reviewing a motion to dismiss, the Court must "accept[] all well-pleaded

facts as true and view[] those facts in the light most favorable to the plaintiff." *Hines v. Alldredge*, 783 F.3d 197, 200–01 (5th Cir. 2015) (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)). Even so, a complaint must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Although the complaint need not set out "detailed factual allegations," it must set forth something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. When considering a Rule 12(b)(6) motion, the court "may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011)

"If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). Rule 12(e) allows a party to move for "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and

Procedure § 1376 (3d ed. 2004) (explaining that it is appropriate to employ a Rule 12(e) motion when the pleading is "so vague or ambiguous that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself."). Given the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored. *See Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). The Supreme Court has noted, however, that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). The trial judge is given considerable discretion in deciding whether to grant a Rule 12(e) motion. *Factor King, LLC v. Block Builders, LLC*, No. 14-587, 2015 WL 3440255, at *3 (M.D. La. May 27, 2015) (citing *Murungi v. Tex. Guaranteed*, 646 F.Supp.2d 804, 811 (E.D. La.2009)).

### III. DISCUSSION

#### A. Motion to Dismiss

Section 1983 holds a supervisory official liable only to the extent that "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 435 (5th Cir. 2008). A policy is normally an official statement, ordinance, or regulation, but in certain circumstances a persistent, widespread practice that is so commonplace as to constitute a custom can also be treated as policy. *See Piotrowski v. City of Houston*,

3

237 F.3d 567, 579 (5th Cir. 2001). "A customary municipal policy cannot ordinarily be inferred from single constitutional violations." *Id.* at 581.

When alleging a failure to train or supervise, Plaintiffs "must show that '(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.'" *Gates*, 537 F.3d at 435 (quoting *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005)). In all but the most exceptional of circumstances, a failure-to-train claim requires a pattern of similar occurrences. *See Connick v. Thompson*, 563 U.S. 51, 62 (2011).

Even construing the pro se Plaintiffs' claims liberally, the Court finds that Plaintiffs have failed to state a claim against Chief Dabadie. He is not alleged to have been personally involved in the action. Plaintiffs also do not cite a custom, policy, or practice, and they do no refer to any similar incident. For substantially the same reason, even if the Court construes Plaintiffs' Complaint to allege a failure to train claim, a single incident of police misconduct is inadequate to state a plausible claim for failure to train. *See Connick,* 563 at 62. Therefore, the claims against Chief Dabadie are DISMISSED.

**B. Motion for a More Definite Statement**

Plaintiffs' complaint lists Enterprise as a defendant in their 42 U.S.C. § 1983 action. (Doc. 1 at p. 1). However, the complaint simply states that Defendants were "wrongfully stopped, wrongfully detained, illegally handcuffed, falsely accused of

4

theft, wrongfully held my body [sic] against my free will." (Doc. 1-1 at p. 2). Apart from the caption for parties (*see* Doc. 1 at p. 1), Enterprise is never mentioned. Even construing Plaintiffs' pro se complaint as liberally as possible, the complaint "does not contain sufficient information to allow a responsive pleading to be framed." *See Beanal*, 197 F.3d at 164. Therefore, Enterprise's motion for a more definite Statement is GRANTED.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Chief Dabadie's Motion to Dismiss (Doc. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims against Chief Dabadie are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Enterprise's Motion for a More Definite Statement (Doc. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall amend her Complaint within twenty-one day from the date of this order to more specifically allege any complaint against Enterprise.

Baton Rouge, Louisiana, this 6th day of December, 2017.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**